IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**

**FEB 25 2009**

IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: _Cñoiwood_
DEPUTY CLERK

|                            |   |                      |
|----------------------------|---|----------------------|
| UNITED STATES OF AMERICA   | ) |                      |
|                            | ) |                      |
| v.                         | ) | No. 4:09CR000*58*   |
|                            | ) |                      |
| BRIGHTER FUTURES           | ) |                      |
| BEHAVIORAL, INC.           | ) |                      |

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Jane W. Duke, by and through

Laura G. Hoey, Assistant United States Attorney, and Brighter Futures Behavioral, Inc. (hereinafter

"BFBI"), defendant, represented by the undersigned counsel, hereby agree to the following terms and

conditions in connection with the above referenced proceedings.

1.     **GUILTY PLEA:** The defendant will enter a plea of guilty to Count One, a violation

of Title 18, United States Code, Section 1347, as set forth in Count One of the Information.

2.     **ELEMENTS OF THE CRIME:** The parties agree the elements of the offense to which

the defendant will plead guilty are:

a.     There was a scheme or artifice to defraud;

b.     the defendant participated in the scheme knowingly, wilfully, and with the intent to
       deceive;

c.     the victim or intended victim of the scheme or artifice to defraud was a "health care
       benefit program;" and

d.     the scheme or artifice was executed in connection with the delivery or payment for
       health care benefits, items or services.

Since the defendant is a corporation, which can act only through its agents – that is, its directors, officers, employees, or other persons authorized to act for it, the parties also agree that the elements of the charged offense include:

a.   Each element of the crime charged against the corporation was committed by one or more of its employee or agents;

b.   in committing those acts, the employees or agents intended, at least in part, to benefit the corporation; and

c.   each act was within the scope of employment of the employee or agent who committed it.

The defendant agrees that it is guilty of the offense charged and each of these elements is true.

3.   **PENALTIES:**

STATUTORY PENALTIES: The maximum penalty for the charge set forth in Count One is a fine of $250,000, not more than 10 years imprisonment, or both, and a mandatory special assessment of $100.

4.   **WAIVERS**: The defendant acknowledges that it has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement and Addendum, it is waiving certain constitutional rights, including, without limitation, the following:

A.   The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

2

B.     The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

C.     The right to confront and cross examine witnesses;

D.     The right to testify in its own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant; and

E.     The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

5.     **STIPULATIONS:** The United States and the defendant stipulate to the following:

A.     The parties agree that the base offense level is 6 pursuant to U.S.S.G. §8C2.3 and §2B1.1(a).

B.     The parties agree that the amount of loss is more than $70,000 and less than $120,000, increasing the offense level by 8 pursuant to §2B1.1(b).

C.     The parties stipulate that no other enhancements or reductions under §2B1.1 and/or Chapters 2, 3, and 8 apply.

D.     The parties agree that, based on an offense level of 14, the base fine under U.S.S.G. §8C2.4 is $85,000.

E.     The parties agree that the Culpability Score pursuant to U.S.S.G. §8C2.5 is 3 (base score of 5 with a decrease of 2 pursuant to (g)(2)), which results in a multiplier range of .6 to 1.2 under §8C2.6. The parties agree that no other enhancements or reductions shall apply to the Culpability Score.

G.     The parties agree that a multiplier of 1 shall be applied, resulting in a criminal fine of $85,000. The parties also agree that a $50,000 lump sum payment shall be made to the restitution amount set forth in paragraph 9(D) below within 30 days of entry of the Judgment in this

3

case and that the balance of the restitution and the full criminal fine will be paid in installments of $3500/month until paid in full.

H. The parties agree that interest shall not accrue on the criminal fine and restitution payments.

I. The defendant agrees to abide by the Transition Plan attached hereto as **Exhibit A.**

The parties understand that the Court is not bound by these stipulations. The Defendant further understands that if the Court does not accept the stipulations, the Defendant is not entitled to withdraw the guilty plea or otherwise be released from Defendant's obligations under this Agreement and Addendum.

6. **SENTENCING GUIDELINES:** It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree that if the guideline range is greater or less than the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor

4

request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

7.     **ALLOCUTION**: The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8.     **COOPERATION IN THE SENTENCING PROCESS:**

A.     The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

B.     The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

C.     The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

D.     The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9.     **FINANCIAL MATTERS:**

A.     FINANCIAL STATEMENT: The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B.     FINES: The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

5

C.    SPECIAL PENALTY ASSESSMENT:  The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court".

D.    RESTITUTION: The defendant acknowledges that restitution is mandatory pursuant to Title 18, United States Code, Section 3663A. The defendant agrees to the entry of an order of restitution for the full amount of the victim's losses. At this time, the United States and the defendant agree that the amount of restitution payable by the defendant is approximately $113,801.40 and that this restitution amount may be satisfied, in part, by a credit from Medicaid to be applied at the time of sentencing, if applicable. The United States is aware that the following victim has suffered the following losses:

| VICTIM | LOSS AMOUNT |
|---|---|
| **Arkansas Medicaid Program Trust Fund** 323 Center Street - Suite 200 Little Rock, AR 72201 | $113,801.40 |

10.    **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Information, which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

11.    **RECORDS:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any

6

records that may be sought under the Freedom of Information Act, 5 U. S. C. Section 552, or the

Privacy Act of 1974, 5 U. S. C. Section 552a.

12. **CIVIL CLAIMS BY THE GOVERNMENT:** Except to the extent otherwise

expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or

administrative claim pending or that may be made against the defendant, including but not limited

to tax matters.

## 13. **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM:**

A. Defendant acknowledges and understands that if the defendant violates any

term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing,

or fails to appear for any subsequent proceeding including sentencing, the United States shall have,

in addition to all other rights and remedies otherwise available, the right to:

- (1) terminate this Agreement and Addendum; or

- (2) proceed with this Agreement and Addendum and

  - (a) deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

  - (b) advocate for any sentencing enhancement that may be appropriate.

B. In the event the United States elects to terminate this Agreement and

Addendum, the United States shall be released from any and all obligations hereunder. The

defendant acknowledges and understands that the agreement of the United States to dismiss any

charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is

terminated or if the defendant's conviction ultimately is overturned, then the United States retains

7

the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

     C.     The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

     D.   ·  In the event that the Agreement and Addendum is terminated or if the defendant successfully moves to withdraw its plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement and Addendum:

> (1)     may be used to cross examine the defendant should it testify in any subsequent proceeding; and/or
>
> (2)     any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary.

14.     **PARTIES:**  This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15.     **MISCELLANEOUS:**

     A.     MODIFICATION:  No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

8

B.    HEADINGS and CAPTIONS:   Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

C.    WAIVER:   No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available.  Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D.    RIGHTS and REMEDIES CUMULATIVE:   The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by defendant.

E.    JOINT NEGOTIATION:   This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms length agreements.

16.    **NO OTHER TERMS:**   This document, including Exhibit A, and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitutes the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

9

17.   **APPROVALS AND SIGNATURES**:

A.   DEFENDANT: The defendant has read this Agreement and Addendum and carefully reviewed every part of it with its attorney. The defendant understands and voluntarily agrees to the terms and condition of this Agreement and Addendum. Further, the defendant has consulted with its attorney and fully understands its rights with respect to the provisions of the United States Sentencing Guidelines, which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and the Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that defendant has entered into this Agreement and Addendum, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitute the legal, valid and binding obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of its attorney in this case.

B.   DEFENSE COUNSEL: Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

10

DATED this _____ day of February, 2009.

JANE W. DUKE
United States Attorney

By: _____
LAURA G. HOEY
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
501/340-2600

_____
Corporate Representative of Defendant
BRIGHTER FUTURES BEHAVIORAL, INC.

Tony Burton  COO
Print Name and Title

_____
Attorney for Defendant

11

## EXHIBIT A TO PLEA AGREEMENT: TRANSITION PLAN

1. The letter submitted to DBHS for review will be mailed by Brighter Futures to each client of the Little Rock and Walnut Ridge offices with appropriate administrative signature by close of business on the day on which the attached plea agreement is entered. A copy of the letter will be filed in each client record.

2. Every diligent effort will be made to transfer client records to the new provider as chosen and with appropriate release by the client.

3. A list of clients for each clinic will be provided to DBHS categorized by priority of need. The list should include:

A full list of Clients ranked with a ranking designation of need with comments regarding the highest need group. (ie: history of 3 hospitalizations within the last year; or history of suicide attempts; etc.)

If readily available the following information would also be helpful:

Age; diagnosis; current medications; prior hospitalizations; and a history of or potential of high risk.

4. Begin a weekly submission of the prioritized list of clients to include report of alternate provider referral and disposition of transfer. The first weekly report is due one week after the day on which the attached plea agreement is entered.

5. A storage and retrieval process in compliance with Section 142.300 (reprinted below) of the RSPMI Medicaid Policy for all remaining records should be submitted to DBHS immediately including the administrative contact name (custodian of records), address and phone number, and location where Brighter Futures will store the records.

142.300  Conditions Related to Record Keeping

a) Each provider must prepare and keep complete and accurate original records that fully disclose the nature and extent of goods, services or both provided to and for eligible beneficiaries. The delivery of all goods and services billed to Medicaid must be documented in the beneficiary's medical record.

b) If a provider maintains more than one office in the state, the provider must designate one such office as a home office. Original records must be maintained at the provider's home office. A copy of the records must be maintained at the provider's service delivery site. If the provider changes ownership or ceases doing business in the state, all required original records must be maintained at a site in the state that is readily accessible by DMS and its agents and designees.

c) Each provider must retain all records for five (5) years from the date of service or until all audit questions or review issues, appeal hearings, investigations or administrative or judicial litigation to which the records may relate are finally concluded, whichever period is longer.

d) Upon request, each provider must furnish all original records in its possession regarding the furnishing or billing of Medicaid goods or services, upon request, to authorized representatives of the Division of Medical Services or their designated representatives, state Medicaid Fraud Control Unit of the Arkansas Office of the Attorney General, the U.S. Secretary of the Department of Health and Human Services, or their designated agents. The request may be made in writing or in person. No advance notice is required for an in-person request. When records are stored off-premise or are in active use, the audited provider may certify, in writing, that the records in question are in active use or off-premise storage and set a date and hour within three (3) working days, at which time the records will be made available. However, the provider will not be allowed to delay for matters of convenience, including availability of personnel. e) Each provider must immediately furnish records, upon request, establishing the provider's charges to private patients for services that are the same as or substantially similar to services billed to Medicaid patients.